## ST. HELENS RURAL FIRE PROTECTION DISTRICT *v.* DEPARTMENT OF REVENUE

David O. Bennett, Bennett, Vagt & Olsen, St. Helens, represented plaintiff.

Ira W. Jones, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered November 6, 1970.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from the Department of Revenue's Order VL 70-296, dated July 21, 1970, ordering the Assessor of Columbia County to reduce the tax levy sought by the plaintiff for the fiscal year 1970-1971 from $187,816.24 to $177,951.28.

The upper limitation of any taxing district's levy is determined by the Oregon Constitution, Art XI, § 11, defining the taxing unit's "tax base." It is the duty of the county assessor to examine each taxing

district's levy to determine whether it comes within constitutional or statutory limitations. If it appears to be in excess of the legal limitation, the assessor must seek the advice of the Department of Revenue, as was done in the present instance, and extend upon the assessment roll only such part of the levy as complies with the constitutional and statutory limitations. ORS 310.070.

The plaintiff has appealed from the Department of Revenue's order pursuant to ORS 294.515. Such an appeal has priority in hearing and decision over all other cases pending before the Oregon Tax Court. ORS 294.520.

There is no dispute as to the facts. The plaintiff is a municipal corporation, a rural fire protection district established pursuant to ORS chapter 478, located in Columbia County. Its tax levy for the fiscal year beginning July 1, 1968, was $137,964. Pursuant to the Oregon Constitution, Art XI, § 11, subsection (2)(a), the plaintiff could have added six percent to that amount ($8,277.84) and levied $146,241.84 for the fiscal year beginning July 1, 1969. Instead, the plaintiff made use of the Oregon Constitution, Art XI, § 11, subsection (2)(b), and the pertinent statutes, by submitting to the voters on May 28, 1968, the proposition of establishing a new tax base in the amount of $176,500, which was approved by the voters. However, as of July 1, 1969, plaintiff levied $175,816 instead of the amount of its full tax base of $176,500.

On January 21, 1970, plaintiff annexed additional property with a true cash value of $1,029,420, on which it levied a tax of $1,369.13. The propriety of this levy is not in dispute.

For the tax year 1970-1971, beginning July 1, 1970, the plaintiff certified to the county assessor a levy as follows:

| | | |
|---|---:|---:|
| 1969 levy | $175,816.00 | |
| Plus 6 percent | 10,548.96 | |
| | | $186,364.96 |
| Valuation of area annexed | $1,029,420.00 | |
| Multiplied by tax rate | 1.33 | |
| | 1,369.13 | |
| Plus 6 percent | 82.15 | |
| | | 1,451.28 |
| Total levy under the new tax base, after annexation | | $187,816.24 |

The effect of the Department of Revenue's Order VL 70-296 was to reduce the allowable levy as follows:

| | | |
|---|---:|---:|
| Tax base voted May 28, 1968 | | $176,500.00 |
| Area annexed 1970 | $1,029,420.00 | |
| Multiplied by tax rate | 1.33 | |
| | 1,369.13 | |
| Plus 6 percent | 82.15 | |
| | | 1,451.28 |
| Total levy fully utilizing tax base as approved by Department of Revenue | | $177,951.28 |

The question before the court is: Having voted a new tax base of $176,500 in 1968, but having utilized only $175,816 of such base in the first year, 1969-1970, can the plaintiff lawfully use all of the 1969-1970 levy plus six percent in the following year, 1970-1971, although the total levy thus asserted exceeds in amount the voted tax base approved in 1968?

The only law bearing upon the point is to be found in Oregon Constitution, Art XI, § 11, subsections (1) and (2). Stripped of words immaterial to this question, the subsections read:

"(1) * * * no taxing unit * * * shall in any year so exercise that power to raise a greater amount of revenue than its tax base as defined in subsection (2) of this section. The portion of any tax levied in excess of any limitation imposed by this section shall be void.

"(2) The tax base of each taxing unit in a given year shall be *one of the following*:

"(a) The amount obtained by adding six percent to the total amount of tax lawfully levied by the taxing unit * * * in any one of the last three years in which such a tax was levied by the unit; *or*

"(b) An amount approved as a new tax base by a majority of the legal voters of the taxing unit * * *. The new tax base, if approved, shall first apply to the levy for the fiscal year next following its approval." (Emphasis supplied.)

In the first year of application, as has been noted above, the plaintiff did not use the full tax base approved by the voters. It was not compelled to do so. *School Dist. 1, Mult. Co. v. Bingham et al.*, 204 Or 601, 609, 283 P2d 779 (1955).

The defendant's argument, in support of its order, was wholly based on defendant's application of the

*School District No. 1* case. The facts in that case differ from those in the present appeal. School District No. 1, in the first year after a new tax base had been voted, levied approximately 12 percent less than its base, and in the second year sought to levy the exact amount of the base. Here, the plaintiff, in the first year, levied only part of its new base. In the second year it sought to levy that part plus six percent.

In *School District No. 1*, the Multnomah County Tax Supervising and Conservation Commission interpreted part of the then last sentence of Oregon Constitution, Art XI, § 11, subsection (2) (which is now found in subsection (2)(b)), to mean that if the new tax base were not used in the first available year, it would be lost. The language referred to read: "* * * the new tax base, if adopted, shall first apply to the levy for the fiscal year next following its adoption." The Supreme Court held that the voted base was not lost because of partial use but remained "static" or "quiescent" until superseded by another voted base. (See p 606.) In the present case, the plaintiff is not seeking to utilize the base described in the present subsection (2)(b), but seeks to use the largest of the lawful levies made under present subsection (2)(a), plus six percent.

■ It appears to this court that the provisions of the present subsection (2)(a) and subsection (2)(b) are clearly expressed as alternatives. No language is found therein which prohibits a levy in one year, made under subsection (2)(b), from being considered as "tax lawfully levied" in the utilization of subsection (2)(a) by the taxing district in a subsequent year. This conclusion is not surprising when viewed in relation to the history and purpose of the amendments

to Oregon Constitution, Art XI, § 11, made by HJR 9, adopted by the people on November 4, 1952, and by SJR 33, 1961, adopted by the people on November 6, 1962. See the Oregon Voters' Pamphlet, General Election, for each of the two dates mentioned. Mr. Justice LATOURETTE refers to this history in *School Dist. 1, Mult. Co. v. Bingham et al.*, at p 605:

"Taxing bodies were authorized to levy special taxes in any one year providing legal voters gave their sanction. However, by the 1916 and 1932 constitutional provisions such special tax levy could not be included in the tax base for future levies.

"By reason of constitutional limitations local governing bodies, on account of their growing financial needs, brought about by increased population, inflation and other economic factors, were hamstrung, so to speak, in raising sufficient revenue to meet the needs of government without resorting to annual special elections.

"In order to obviate the necessity of holding special elections which added nothing to the tax base, Art XI, § 11, was amended to provide for two methods of determining a tax base. From the unambiguous language employed it is clear that the methods for determining a tax base are alternative and independent of each other. * * *"

Nor is anything to the contrary to be found in the prevailing opinion in *School District No. 1* case if the reader constantly holds in mind that the Supreme Court was relating its decision to a proposed tax levy *in the exact amount of the voted base.* The court in its original opinion answered the question before it, but it raised a second question when it added by way of dictum (p 606):

"* * * There is nothing in the language used that in any wise implies that the base established

by the voters is later subject to the triennium levy plus six per cent found in subsection (1) of the amendment."

A rehearing was requested to give consideration to this point.

On rehearing, this question was considered (p 610): Does subsection (1)(a), relating to the six percent limitation, apply after the tax levy equals the voted tax base? The court answered:

"* * * All parties to this litigation and the amici curiae agree that in any event the six per cent limitation does apply if the levy reaches the voted tax base. And in this we now concur."

The case does not say that, after approving a levy of less than the voted tax base, the district must adopt exactly the voted tax base before seeking to go above it under the provisions of subsection (1)(a) (which are now to be found in subsection (2)(a) of Oregon Constitution, Art XI, § 11).

A taxing district annually follows the procedures required by the Local Budget Law, ORS chapter 294, and must estimate a tax levy pursuant to ORS 294.381. At that point, cognizance must be taken of the limitations of Art XI, § 11. In a taxing district which has a voted tax base pursuant to subsection (2)(b), it must determine under what provision its estimated levy can be raised by taxation "inside the constitutional limitation." See ORS 310.060. The data required for this purpose are: (a) The amounts of tax levied in each of the last three years in which taxes were lawfully levied by the district, plus six percent of each such amount, or (b) the amount approved in some past fiscal year as a voted tax base pursuant to subsection (2)(b). The varying situations which may

confront a particular taxing unit are numerous and complex. To require a district with a voted tax base under subsection (2)(b), but which has been utilizing the provisions of subsection (2)(a), where the district has almost reached a sum equivalent to its voted tax base under the six percent limitation, to choose only the exact amount of the voted base, can lead to an absurd result. This is illustrated in the present suit. The taxing district had achieved a tax base under subsection (2)(a) of $137,964. Changing conditions, recognized by the district's responsible officers and the voters, led to the approval of a voted tax base, pursuant to subsection (2)(b), in the amount of $176,500. There is no doubt that a lesser amount than $176,500 can be levied in the initial year, and commendably, this has been done (as was also the case in *School District No. 1*), in order to avoid imposing upon the taxpayers a greater burden than absolutely necessary. Assuming that the "lesser amount" is only a few dollars under the voted base, to hold that the district's sole course of action now is to increase its levy by only these few dollars (to meet the estimated growth in needs) could be expected to cripple the district. Such a conclusion is not justified when no sound argument has been presented, based on the language of Art XI, § 11, to show that the original levy under the voted tax base (even though less than the full amount of the voted base) cannot become one of the three "total amount[s] of tax lawfully levied by the taxing unit" under subsection (2)(a).

The court's attention has been called to 30 Op Atty Gen 448 (No. 5450, 6-13-62), but it is not deemed persuasive; it relies on *School District No. 1* but, in the view of this court, is an erroneous extension of the decision in that case.

■ It is concluded that the tax base voted by the people under subsection (2)(b), Art XI, § 11, is never lost until it is superseded by a subsequent vote. The levy utilizing such base becomes one of the levies which, with an addition of six percent, may be used to ascertain the tax base under subsection (2)(a).

The Department of Revenue's Order VL 70-296 is set aside and the Assessor of Columbia County shall accept the plaintiff's Notice of Property Tax Levy for 1970-1971 as originally filed. The Assessor and the Tax Collector of Columbia County shall take the necessary steps to implement such levy. Costs to neither party.